IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gregory K. SCOTT, Attorney at Law.

Supreme Court

*No. 81-1781-D. Filed May 11, 1982.*
(Also reported in 318 N.W.2d 925.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

On September 18, 1981, the Board of Attorneys Professional Responsibility filed a complaint alleging ten counts of unprofessional conduct against Gregory K. Scott, an attorney licensed to practice law in Wisconsin since September, 1975, and who practices in Beaver Dam. The court referred the matter to the Hon. William C. Sachtjen as referee pursuant to SCR 21.09 (1982). After the respondent filed an answer to the complaint, he and counsel for the Board entered into a stipulation in which they agreed to facts upon which the referee could make findings and a recommendation to the court.

In that stipulation the respondent admitted the allegations contained in four of the ten counts of unprofessional conduct.  He admitted having received in 1979, through inadvertence and error, two checks from the deputy clerk of courts in the total amount of $1,500.  Although

he acknowledged that he was willing to repay the funds, he was not able to do so upon demand of the clerk of courts or in response to a court order that he repay the funds. The respondent also admitted his failure to fully answer one set of interrogatories, his having filed answers to a second set of interrogatories substantially late and his failure to provide a brief to the court as promised during his representation of a client in a divorce matter.

The third allegation of unprofessional conduct which the respondent admitted concerned his representation of two persons who had been arrested and charged with narcotics delivery in 1979. The respondent appeared on behalf of both of them at their initial appearance and, while continuing to represent both defendants, contacted the prosecutor to determine if the charges against one of them would be dismissed in exchange for a guilty plea to the pending felony charge by the other. After one of the defendants retained another attorney, the respondent attempted to make personal contact with that defendant at his home. The respondent also admitted that in a parole revocation hearing he purported to represent a witness who had been subpoenaed to testify and deliberately sought to keep that witness from testifying because he had not been paid witness fees, notwithstanding that the state had subpoenaed the witness and, consequently, witness fees were not applicable.

The referee filed his report with the court on March 15, 1982, in which he made findings of fact consistent with the stipulation and concluded that the conduct alleged in the first count violated SCR 11.05 and 20.50, the conduct alleged in the second count violated SCR 20.32(3), the conduct alleged in the third count violated SCR 20.32(2), 20.38(1) and 20.48 and that the conduct alleged in the fourth count violated SCR 20.38(1) and 20.48. The referee then recommended, pursuant to the stipulation of the parties, that the respondent's license to practice law be suspended for a period of 30 days, that

he reimburse the clerk of courts, if it is determined that the sum of $750 is due and owing by him, and that he pay the costs of the disciplinary proceeding. By order of April 2, 1982, we requested the respondent and counsel for the Board to file briefs within 30 days on the question of the appropriateness of the recommended discipline to the professional misconduct to which the respondent stipulated.

In its brief, the Board argued that the respondent's misconduct did not jeopardize any party's liberty, that the respondent did not lie or engage in similar misconduct and that he had not been subject to any prior formal disciplinary action, although he had been before the local professional responsibility committee on other matters, but no formal action was taken. The Board indicated that a 30-day suspension of the respondent's license to practice law would protect the public, act as a deterrent to other attorneys and serve to further rehabilitate the respondent.

In his brief, the respondent argued that he never attempted to defraud the clerk of court with respect to the money mistakenly sent to him, that his failure to timely respond to interrogatories and file a brief in the divorce action was caused by his client's refusal to permit him to do so, that his representation of the two criminal defendants was an apparent, rather than actual, conflict of interest and that he was ignorant of the applicable law regarding payment of witness fees at the probation revocation hearing. He argued that each of the four counts of unprofessional conduct to which he stipulated "reflect and represent marginal conduct violating the Supreme Court Rules" and that in none of them was he charged with "dishonesty, fraud, incompetence, or any flagrant abuse of his clients or the Court."

We hereby adopt the findings and conclusions of the referee, but because of the serious nature of the unprofessional conduct on the part of the respondent, we

believe that a sanction more severe than the 30-day suspension recommended by the referee is warranted.

It is ordered that the license of Gregory K. Scott to practice law in Wisconsin is suspended for a period of 60 days, commencing June 1, 1982.

It is further ordered that Gregory K. Scott pay the costs of this proceeding in the amount of $2,814.64 to the Board of Attorneys Professional Responsibility on or before July 15, 1982, provided that if the costs are not paid within the time specified, the license of Gregory K. Scott to practice law in Wisconsin shall be suspended forthwith and until further order of the court.